HUDSON *v.* THE STATE OF OHIO.

(Decided December 2, 1929.)

*Mr. T. M. Frey* and *Mr. L. J. Pridgeon,* for plaintiff in error.

*Mr. H. H. Burton* and *Mr. S. O. Hirstius,* for defendant in error.

SULLIVAN, J.   This cause comes on error from the municipal court of the city of Cleveland, and it is here sought to set aside the conviction of the plaintiff in error for the unlawful possession of liquor, for which he was arrested and tried in the criminal branch of the municipal court.

It appears that a search warrant was issued, and one of the questions raised is whether it was issued for probable cause.  It appears from the record that three officers on three different nights watched the

plaintiff's residence for the purpose of ascertaining whether he was violating the liquor laws by trafficking therein, and that on each of these occasions men were seen going sober into the premises, and some time thereafter, on the same evening, were seen returning from the house in a state of intoxication, and it appears that on or about May 10, 1929, an officer went to the house with a search warrant, and upon examination of the premises found upon the sink a pitcher containing what smelled like intoxicating liquor, which the plaintiff in error denied belonged to him, but stated that it belonged to an old man who was sick in an adjoining room. The residence in question was 2246 East Thirty-Ninth Street, in the city of Cleveland, and consisted of a two-family house.

It is our judgment that the search warrant was issued on probable cause inasmuch as the observance by the officers on three different nights of parties going in sober and coming out intoxicated was a sufficient basis for the procurement and issuance of the search warrant. In other words, there was probable cause as the authorities in such cases have laid down.

Hence it is our judgment that there was no error that would invalidate the proceedings by issuance of the search warrant, and making the search thereunder.

Now coming to the question of facts, it appears that one of the officers testified that the defendant denied ownership of the liquor that was found on the sink, but admitted that he had a little liquor there for his own use. This fact, taken in connection with what the officers saw on three different

nights when they watched the house, has a bearing upon the question as to whether there was any trafficking in intoxicating liquor.

*Bender* v. *Addams,* 28 Ohio App., 75, 82, 162 N. E., 604, 606, decided February 13, 1928, in discussing the question, cited Section 6212-15, General Code, and we note that in the opinion the following language was used, as bearing upon Section 6212-15: "Now this trafficking in liquors, as defined in this statute, does not very materially change the ordinary definition from a trafficking in intoxicating liquors. It means the buying, selling, enabling, procuring, or aiding to procure liquors in which there is to be a trafficking, and to possess them for that purpose."

Section 6212-14, General Code, paragraph 2, reads as follows: "The term 'given away' and the term 'possess' shall not apply to intoxicating liquor in a *bona fide* private dwelling."

Now when we come to apply the facts in the record in the case at bar to a determination of the question whether or not this house was a private dwelling, we are unanimously of the opinion that under the record the house in question cannot be called a private dwelling, for the reason of the evidence, already noted, of the trafficking in intoxicating liquor. Sober men going into the house and coming out intoxicated is certainly a strong circumstance evidencing the fact that there was trafficking in intoxicating liquor. Were it not for this evidence on the part of the officers watching the premises, of course we would have to follow the rule in the *Bender case, supra,* that this house was a private dwelling, and that, inasmuch as there was no evi-

dence of any traffic in intoxicating liquor, Section 6212-14 would apply, and the case of *Bender, supra,* would apply, but the facts in the record take the case at bar away from the application of the section just quoted, and application of the case of *Bender, supra.*

Of course it may be said that the officers would not know whether the traffic in intoxicating liquor was with the party that lived upstairs or with the party that lived downstairs in the house in question, but from all the facts in the record it seems reasonable to conclude, on account of the presence of the liquor on the sink, and the explanation made thereof, that the traffic carried on was with the party making the unsatisfactory explanation.

While the case of *Bender* v. *Addams, supra,* decided by this court and motion to certify record overruled by Supreme Court, decided that a private residence, excepting one engaged in the traffic in intoxicating liquor, was immune from search and seizure of intoxicating liquor, yet it must be remembered that if there is a traffic in liquor the place is a private residence no longer, and this traffic may be proven by circumstantial as well as by positive evidence. This fact may be decided from all the other facts and circumstances surrounding the case, and the conclusion deduced therefrom, that there was a traffic in intoxicating liquor, may be inevitable, even though the place is a private residence, and even though the evidence as to trafficking is circumstantial instead of positive.

Looking the entire record over, it is our unanimous opinion that the lower court committed no error that was prejudicial to the rights of the plain-

tiff in error, and therefore the judgment of the lower court is affirmed.

*Judgment affirmed.*

Vickery, P. J., and Levine, J., concur.